## Israel Laucks et al., to Use, etc., Plffs. in Err., *v.* John P. Martin et al.

In an action on a book account for goods sold and delivered to a firm consisting of two members, the affidavit of one of the defendants alleged that the firm had been dissolved by the retirement of the deponent; that a new firm composed of the other defendant and two new partners had, by agreement in writing with the deponent, assumed the debt in suit; that the creditor assented to the agreement, accepted the new firm as his debtor, released the deponent, took the notes of the new firm for the amount of the debt and received from the new firm payments on account of the notes. *Held*, that the affidavit was sufficient.

(Argued April 20, 1887.   Decided May 2, 1887.)

January Term, 1887, No. 50, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, GREEN, and CLARK, JJ.   Error to the Common Pleas of Schuylkill County to review a judgment discharging a rule for judgment for want of a sufficient affidavit of defense in an action of assumpsit.   Writ dismissed.

This was an action by Israel Laucks and S. K. Meyers lately trading as Laucks & Meyers, now to use of Israel Laucks, against John P. Martin and Douglas Barr, lately trading together in the firm name of J. P. Martin & Co.

The plaintiffs filed a copy of their book of original entries.

The affidavit of defense was as follows:

"John P. Martin, being duly sworn, doth depose and say he has a just and legal defense to the whole of the plaintiffs' claim in the above action, the nature and character of which is as follows: that in the month of March, 1884, the firm of John P. Martin & Co. was dissolved by mutual consent, the deponent having sold his one half interest in said firm to Daniel Scheidy, agent; whereupon, a new firm, composed of Douglas Barr, Lewis A. Barr, and Daniel Scheidy, agent, was formed, under the firm name of Barr Bros. & Co.; that the latter firm, by agreement in writing with the deponent, agreed to and did assume and take upon themselves the payment of the debts of the firm of J. P. Martin & Co., including the claim for which this

suit is brought; that the plaintiffs in this case assented to said agreement between said firm of Barr Bros. & Co. and deponent, and did accept and take the said firm of Barr Bros. & Co. as their debtor, and release deponent from the same; that they afterwards took the note or notes of the firm of Barr Bros. & Co. for the amount of the plaintiffs' claim in this suit, giving the said firm of Barr Bros. & Co. further time to pay the claim for which this suit is instituted; that the firm of Barr Bros. & Co. did afterwards, as appears from the plaintiffs' claim filed in this case, pay $352.23, on account of the plaintiffs' claim; all of which the deponent says is true, and he expects to prove on the trial of this case."

Upon discharging a rule for judgment for want of a sufficient affidavit of defense the following opinion was delivered by GREEN, A. L. J.:

This is a suit brought for goods sold and delivered. The affidavit of defense sets forth that the firm of Martin & Co. was dissolved, J. P. Martin having sold his interest to Daniel Scheidy, agent, and that a new firm under the name of Barr Bros. & Co. composed of Douglas Barr, Lewis A. Barr, and Daniel Scheidy, agent, was formed, which firm agreed in writing with Martin to pay the debts of the old firm; that the plaintiffs assented to this agreement "and did accept and take the said firm of Barr Bros. & Co. as their debtor and release deponent (Martin) from the same;" and further that they took the notes of the new firm for the amount of the claim, on which the sum of $352.23 was paid on account of the claim.

Plaintiffs claim that this affidavit is insufficient because the release was without consideration, and therefore invalid; that it was not in writing under seal, and therefore it was necessary to set forth a sufficient consideration to support the release.

From the affidavit filed we cannot tell whether the release was in writing or not, and under seal or not. Perhaps this should have been set forth, upon the principle that material things not set out in an affidavit of defense are to be taken most strongly against the affiant.

But does not the affidavit show sufficient consideration to support even a parol release? It sets forth a release of the old firm, in consideration of receiving the obligation of the new firm into which two new partners had been introduced. This was an ad-

vantage which the plaintiffs acquired by their release, and we think would be sufficient to support it. The case of Walstrom v. Hopkins, 103 Pa. 118, is cited as squarely ruling this case for the plaintiffs. Carefully examined it rules directly the contrary.

It was a suit against two members of a dissolved firm, in which one of them claimed an escape from liability because the other partners were to pay the debts, and because the plaintiffs said they were satisfied with him, and would release the deponent, and look to Bowker, the other partner, for the debt, which he was able to pay. The supreme court reversed the court below, and decided that the affidavit was insufficient, because the release, as set forth, was without consideration. The plaintiff obtained no new advantage by his promise to release. He gained no new debtor, and no additional security. He was worse off than he was before.

But widely different is the present case, where, by the agreement to release, two new debtors have been obtained on the old liability.

That this is the distinction to be drawn between the two cases clearly appears from the opinion of the court in that case. I quote from it, as follows:

"We are not disposed to controvert the doctrine insisted on by the counsel for the defendant, which, from the citations made, may be stated as follows: when a creditor is fully informed of an arrangement between partners by which the outgoing member of the firm is to be indemnified against the debts of the firm, and he agrees to consider the remaining partners as his exclusive debtors he may thereby lose all right or claim against the retiring partner. But when all this is admitted it does not reach the defendant's case; for when we come to consider how the creditor 'may' thus lose his right we learn that it can result only from some advantage gained by him, or from some prejudice suffered by the retiring partner. In other words, taking the authorities cited by the defense, and we are brought back, through the somewhat ambiguous language that is made use of, to the well-known and well-established doctrine that a contract in order to render it effective must be founded upon a consideration of some kind, otherwise it is mere *nudum pactum.*" Shorb v. Shultz, 43 Pa. 208.

The rule for judgment must therefore be discharged.

The assignments of error specified the discharge of the rule.

*A. N. Green* and *A. W. Schalck,* for plaintiffs in error.—The parol discharge of a debt, without consideration or delivery of the security, is inoperative. *Re* Campbell, 7 Pa. 101, 47 Am. Dec. 503; Kidder v. Kidder, 33 Pa. 269.

No such consideration is shown, or alleged, in this affidavit.

It is said that the plaintiffs assented to the agreement between Martin and the new firm, that the latter should pay the debts of the old firm. This agreement is alleged to have been in writing, and should have been produced, and a copy attached to the affidavit of defense. The failure to do so is fatal to the affidavit. Endlich, Affidavits of Defense, § 391.

The affidavit must state all the facts necessary to constitute a substantial defense. General averments of matters, which in themselves are legal conclusions from facts not stated, are insufficient. Nothing must be left to inference. Kaufman v. Cooper Iron Min. Co. 105 Pa. 537; Noble v. Kreuzkamp, 111 Pa. 70, 2 Atl. 419; McCracken v. First Reformed Presby. Cong. 111 Pa. 108, 2 Atl. 94; Endlich, Affidavits of Defense, §§ 356, 358–363, 376, 377, 387, 391, 399, 401, 412, 413.

A bond given by a debtor to his creditor for a simple contract debt extinguishes the debt, being a security from the debtor himself of a higher nature. But the bond of a third person given to the creditor is not *per se* a satisfaction or extinguishment of the original debt, unless it be shown that it was given and accepted in satisfaction of the debt. Wallace v. Fairman, 4 Watts, 378.

If one indebted to another by simple contract give his creditor a promissory note, drawn by himself, for the same amount, without any new consideration, the new note shall not be deemed a satisfaction of the original debt, unless so intended and accepted by the creditor. Accepting a security of equal degree, either from the debtor himself, with or without a surety, or from a stranger alone, at the instance of the debtor, is no extinguishment of the first debt; as where a second bond is given to the obligee, for one bond cannot determine the duty of another. Weakly v. Bell, 9 Watts, 280, 36 Am. Dec. 116.

Even a security of a higher character, between different parties, or for a different sum, will be presumed, in the absence of

proof, to have been accepted as a collateral security; and it depends upon the intention and agreement of the parties whether it shall be an extinguishment and satisfaction of the antecedent indebtedness.    Oliphant v. Church, 19 Pa. 320.

A bond given by a stranger after the debt was incurred is in law presumed to have been accepted only as collateral security. Jones v. Johnson, 3 Watts & S. 277, 38 Am. Dec. 760.

An assignment of securities from a debtor to his creditor is presumed to be only as collateral security.    It is not in its nature a payment; it puts no money in the hands of the creditor, but only gives him the means of collecting money from another. It is not to be construed as received in full discharge of the debt, unless that plainly appears to have been the intention.    The presumption is that a bond given by a stranger, after the debt incurred, was accepted as collateral security.    The duty of establishing the contrary is affirmative and rests upon the debtor. Eby v. Hoopes, 10 W. N. C. 315, 1 Pennyp. 175.

Merely accepting the notes of a third party for a pre-existing debt does not amount to payment.    It is at best only a conditional payment, or as collateral security; and the burden of showing them to have been taken as an absolute payment lies on the debtor; otherwise he continues liable for his own debt in the event of a failure of the note thus given or transferred. League v. Waring, 85 Pa. 244; Hunter v. Moul, 38 Phila. Leg. Int. 422; Story, Partn. 7th ed. § 158, and notes; Collyer, Partn. 6th ed. by Wood, § 553, note 2; Walstrom v. Hopkins, 103 Pa. 118.

It is not alleged that the plaintiffs in the present case had gained any advantage by the alleged arrangement.

*F. W. Bechtel,* for defendants in error.——Cited Walstrom v. Hopkins, 103 Pa. 118, and Pars. Partn. 421.

PER CURIAM:
We think the facts averred in the affidavit of defense, if not disproved, sufficient to send this case to the jury.    The nature and character of the defense is sufficiently set forth and the judgment was properly refused therefore.

Writ of error dismissed, at the costs of the plaintiffs, but without prejudice to their right to trial by jury, and a second writ of error after final judgment.